GEORGE R. MILLER *vs.* ALFRED T. HASKELL & others.

Suffolk.    January 14, 1901. — June 18, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Contract*, Common counts. *Pleading*, Declaration. *Agency*, Broker.

In an action on an account annexed to recover for services rendered at the request of the defendant in the settlement of a claim against a city for damages for land taken under the right of eminent domain, if the amount named in the declaration is the amount which it was agreed the plaintiff should receive, if successful in making the settlement, this does not prevent him from recovering the reasonable value of his services although the settlement was not made by him, if on the evidence the jury could have found that he was entitled to be paid for his services if they were not successful.

A business man employed to perform services, usually performed by a lawyer, in obtaining compensation for property taken by a city under the right of eminent domain, and who at the time he is employed says that he shall charge five per cent upon the amount of money received, is not employed as a broker, and the stipulation fixing his compensation at five per cent, if successful, leaves the compensation to be received by him, if unsuccessful, to be determined by the value of the services rendered.

CONTRACT to recover for services rendered at the request of the defendants in the settlement of a claim against the city of Boston for taking certain land and buildings of the defendants for the laying out and widening of Columbia Road in that city, the first count alleging, that the defendants owed the plaintiff $950 under an agreement to pay him five per cent of the amount for which he should effect a settlement, and that the plaintiff obtained an offer from the city to settle the claim for $19,500, but that the defendants wrongfully prevented the plaintiff from completing the settlement, and without notice to him effected a settlement with the city through another, and the second count alleging, that the defendants owed the plaintiff $950 according to the account thereto annexed.　Writ dated December 7, 1898.

At the trial in the Superior Court, before *Hopkins*, J., the evidence was introduced which is stated in the opinion of the court.　At the close of the evidence, the judge, at the request of the defendants, ruled that upon the evidence and under the pleadings the action could not be maintained.

The jury by direction of the judge returned a verdict for the defendants ; and the plaintiff alleged exceptions.

*J. K. Berry*, for the plaintiff.

*A. M. Lyman*, for the defendants.

LORING, J.　The plaintiff had a right to go to the jury on the second count.

Certain land owned by the defendants had been taken by the city of Boston in widening a public way known as Columbia Road.　The plaintiff testified that he was employed by the defendants to secure from the city fair compensation for that land, and in pursuance of that employment had spent much time. between May 23 and the latter end of July, 1898, when he ascertained that a member of the bar was conducting the case, who asked him "to simply keep quiet."　The defendants testified that they made a special arrangement with the plaintiff, by which he was not to be paid for his services unless he was successful in getting from the city more than $19,500, which had been informally offered to them before they employed the plaintiff.　The plaintiff did not succeed in getting a better offer than the $19,500 previously made before the end of July, when there was evidence that he was dismissed by the defendants because

the street commissioners and the adviser of the mayor of the city of Boston in the matter of real estate refused to have anything to do with the plaintiff in the matter, and that the offer of $19,500 was subsequently increased and the sum of $20,900 was paid and received through the efforts of a member of the bar, who denied having requested the plaintiff to keep quiet. This special arrangement was denied by the plaintiff, who testified that at the time he was employed he told the defendants that he should charge " five per cent upon the amount of money received. . . . There was no proviso made, if no settlement, should be made ; it was not considered at that time ; it was considered that the case was placed in my hands to settle." And again : " There was no conversation that I would take the case on the terms ' if no settlement, nothing. . . .' "

The defendants seek to support the ruling directing a verdict in their favor on two grounds : First, on the ground that in both counts the plaintiff alleges that he settled the case, and there is no evidence that he did settle the case. However that may be in case of the first count, it is not true of the second count. In the second count the plaintiff declares on an account annexed, and the count annexed is for " services rendered at your request, in settlement of claim against city of Boston for taking of land and buildings for laying out and widening of Columbia Road." Under that count the plaintiff can recover the reasonable value of his services, even though the amount named in the declaration as the amount due for those services is the amount to which he would have been entitled had he been successful in settling the case. Therefore, so far as the question of pleading goes, the plaintiff was entitled to recover the reasonable value of his services, and the only question left is whether, under the arrangement testified to by him, the jury could have found that he was entitled to be paid for his services if they were not successful.

Second : The defendants contend that the plaintiff was not entitled to be paid for his services, because a broker who is not successful is not entitled to any compensation. It is true that in this case the plaintiff, by his own testimony, was to receive a commission of a specified amount if he was successful in settling the case on terms satisfactory to the defendants ; but that commission was not a brokerage commission ; the plaintiff was not

a broker, and was not employed as a broker; he was a business man, and he was employed to perform services ordinarily performed by a lawyer, namely, to obtain compensation for property taken by the city of Boston under the right of eminent domain. The stipulation, that he was to receive a commission of five per cent on the amount received by the defendants in case he was successful in obtaining a settlement of the claim satisfactory to them, was merely a stipulation fixing the compensation which he was to receive for his services in that contingency, leaving the compensation to be received by him, if he was not successful, to be determined by the value of the services rendered.

*Exceptions sustained; new trial granted.*